Francis A. Sturges, S.
The Surrogate has been asked to construe the will of the decedent, Isabell Sharp, to determine whether the testatrix intended the legacy in paragraph of the will marked " second ” to be a charge against the real property. This paragraph reads as follows: “ second. I give, devise and bequeath unto Willard Sharp, my son, of Albion, New York, the sum of one thousand dollars ($1000.00) less any monies which I may henceforth loan or advance to him and which he has not repaid during my lifetime.”
It is conceded that there is insufficient personal property for the payment of the expenses of administration and the unrejected claims of creditors. It is the contention of Willard Sharp and his attorney that the legacy in paragraph “ second ” is a charge upon the real property. It also appears that, at the time of the making of the will, the testatrix had personal property amounting to $3,348.37, which included one bank account of $2,060.51 and another bank account of $200.46 and household furnishings amounting to approximately $1,087.40. There is nothing in the evidence to justify a finding that the testatrix knew or should have known, at the time that she executed the will, that she would have insufficient personal property to pay the bequest and her debts, expense of administration and funeral expenses, without resorting to the real estate.
Although this court, upon objection of the attorney for the legatee, struck out or stated it would disregard statements made by the testatrix as to the intention of the testatrix, it appeared, upon the direct examination of the draftsman of the will and upon his cross-examination by the attorney for the legatee, that the testatrix had specifically rejected a previous draft of the will, which specifically made this legacy a charge upon her real estate, and that she stated, in substance, that she *927 would have enough property left so that Willard Sharp would get his $1,000 and that she wanted to be sure that the real estate went equally to the nine children.
The will in question was executed on June 24, 1945. The testatrix died on November 22, 1953. It is possible that the testatrix was justified in believing, when she executed the will, that she had enough personal property to insure her son, Willard Sharp, receiving his $1,000 legacy without resorting to the real estate which she apparently intended should be divided among her nine children, share and share alike. She lived for more than seven years, after making her will, and it now appears that she was wrong in assuming that there was sufficient personal property to pay this legacy to her son. Subsequent events may have shown that her judgment was not good, but there is nothing in the evidence to show that, at the time of the execution of the will, she knew that, upon her death, there would be insufficient personal property to pay her funeral expenses and expenses of administration and to pay this legacy without resorting to the real estate. In 1947, the Legislature saw fit to enact section 47-d of the Decedent Estate Law (L. 1947, eh. 521), permitting resort to real property not specifically devised for the payment of general legacies, unless the will contains an express direction to the contrary. However, this section applies only to wills executed after August 31, 1947. Although debts, funeral expenses and expenses of administration were then and are now liens on the real estate if there be insufficient personal property to pay the same, I can find nothing in this will or in the circumstances under which it was executed to indicate the intention of the testatrix that the legacy in question should be a lien upon the real estate. We cannot substitute our present judgment for the then judgment of the testatrix but can only determine her intention.
The unpaid claims set forth in the account and not rejected are hereby allowed. The sum of $75 is hereby allowed to Ellsworth M. Murray as special allowance for services in this proceeding. The sum of $325 is hereby allowed to Franklin B. Cropsey for services on this accounting and in this proceeding. The executor is directed to retain the sum of $458.62 as his commissions, together with the sum of $126.70 for his miscellaneous expenses as set forth in Schedule G of his account.
Let decree be entered in conformity with this decision.